IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| DAVID T. SUMMERS, | Case No. 2:15-CV-604-JNP |
| Petitioner, | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS HABEAS PETITION** |
| vs. | |
| STATE OF UTAH, | District Judge Jill N. Parrish |
| Respondent. | |

Based on untimely filing of the petition, the Court grants Respondent's motion to dismiss.

## BACKGROUND

Petitioner pleaded guilty to attempted aggravated sexual abuse of a child. On August 28, 2008, he was sentenced to a three-years-to-life term; no appeal followed. On February 4, 2009, Petitioner filed a state petition for post-conviction relief, which was dismissed on September 30, 2009; no appeal followed.

Petitioner filed his first federal habeas petition on August 7, 2009. *Summers v. Utah State Prison*, No. 2:09-CV-703 DAK (D. Utah Oct. 28, 2009) (dismissal order). It was denied for failure to exhaust. *Id.* The merits were not addressed. *Id.*

On August 9, 2012, almost four years after he was sentenced, Petitioner filed in the underlying criminal case a notice of appeal, which was summarily dismissed as untimely. *State v. Summers*, No. 20120669-CA (Utah Ct. App. Oct. 2, 2012) (Order of Summary Dismissal).

Petitioner submitted his second federal habeas petition on June 11, 2013. *Summers v. Utah*, No. 2:13-CV-431 RJS (D. Utah Oct. 29, 2013) (dismissal order). It was dismissed for failure to

pay the filing fee. *Id*. The merits were not addressed.[1] *Id.* Petitioner's application for a certificate of appealability was denied. *Summers v. State*, 560 Fed. App'x 778 (10th Cir. 2014).

On August 25, 2015, Petitioner filed his current federal habeas corpus petition.

### PERIOD OF LIMITATION

Federal statute puts a one-year limitation period on filing of a habeas-corpus petition. 28 U.S.C.S. § 2244(d)(1) (2017). The period begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. A state judgment becomes final when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *Locke v. Saffle*, 237 F.3d 1269, 1271-72 (10th Cir. 2001).

"The one-year period of limitation for filing a federal habeas petition is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period." *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). A "state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold,* 536 U.S. 214, 220 (2002)); *see also Fisher v. Raemisch*, 762 F.3d 1030, 1032 (10th Cir. 2014). Once the post-conviction case ends in state court, the one-year limitation period begins to run again.[2]

---

1 As a first ground for dismissing this case, Respondent contends that the petition is second or successive under § 2244(b). However, neither of Respondent's prior habeas cases here were denied on the merits. This therefore is not a second or successive petition. *Cf. McDowell v Zavaras*, 417 Fed. Appx. 755, 757 (10th Cir. 2011) (unpublished) (stating first "petition was denied as time-barred, not for failure to exhaust state remedies," and "[s]uch a dismissal is on the merits, [so] a subsequent habeas petition challenging the same conviction is second or successive").

2 "[A] . . . federal habeas petition does not toll the limitation period." *Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that 28 U.S.C. § 2244(d)(2) cannot be interpreted to allow federal habeas petitions to toll the statute of limitations). Thus, Petitioner's prior two federal habeas petitions do not affect the running of the period of limitation.

Tolling, however, does not revive the limitations period—*i.e.*, it does not restart the clock at zero. It serves only to suspend a clock that has not already run. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001); *see also Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003). Thus, any time between when a petitioner's direct appeal becomes final and when he files his petition for state post-conviction relief is counted in the limitations period. Moreover, any time between when the state post-conviction action concludes and before a petitioner's habeas petition is filed also counts toward the limitations period because state-collateral review only pauses the one-year period; it does not delay its start. *See McMonagle v. Meyer*, 766 F.3d 1151, 1159 (9th Cir. 2014) (J. Rawlinson, dissenting) ("Although filing of collateral proceedings may toll the running of the limitations period, it does not affect commencement of the running of the limitations period.").

In other words, time elapsing after a petitioner's conviction becomes final on direct review, but before a state post-conviction petition is filed, and time after final disposition of the petitioner's post-conviction proceedings, but before the filing of the federal habeas petition, *aggregate* to count against the one-year-limitation period. *See Sutton v. Cain*, 722 F.3d 312, 316 n.6 (5th Cir. 2013) ("To calculate when the limitations period has run, we aggregate the time between (i) the date the petitioner's conviction became 'final' and the date the petitioner filed his state [post-conviction] application; and (ii) the date the state [post-conviction] process concluded and the date the petitioner filed his federal habeas petition.").

Petitioner was convicted on August 28, 2008. He had thirty days to appeal but did not. Utah requires a notice of appeal to be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). "Failure to timely file an appeal . . . constitutes a waiver of the right to appeal." *State v. Houskeeper*, 2002 UT 118, ¶ 23, 62 P.3d 444.

Thus, Petitioner's judgment of conviction became final—and the limitation period began to run—on September 29, 2008. *Cf. Clay*, 537 U.S. at 527 ("Finality attaches when this Court affirms a conviction on the merits on direct review . . . or when the time for filing a certiorari petition expires.").

After 160 days of the limitation period had expired, on February 4, 2009, Petitioner properly filed a state post-conviction petition, tolling the limitation period's running. *See* 28 U.S.C. § 2244(d)(2). The petition was dismissed on September 30, 2009. No appeal followed. After the thirty-day appeal period expired, on October 30, 2009, the period of limitation began running again. 205 days later, on May 24, 2010, the period of limitation lapsed.

On August 25, 2015, Petitioner filed this petition—over five years too late.

## A. Equitable Tolling

Petitioner has no ground for statutory tolling, but an expansive reading of all his filings indicates potential arguments for equitable tolling. He suggests that he is illiterate and not trained in the law; was delayed by the allegedly state-created impediment of contract-attorney lack of help and conflict of interest; and is actually innocent.

The Court addresses whether the circumstances underlying these arguments trigger equitable tolling to save Petitioner from the period of limitation's operation. "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v.*

*McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson*, 232 F.3d, 799, 808 (10th Cir. 2000)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished). Against the backdrop of these general principles, the Court considers Petitioner's specific arguments.

### B.  Extraordinary or Uncontrollable Circumstance

Petitioner asserts that his lateness should be overlooked because he lacked literacy, legal resources, legal knowledge, and had only limited help from prison contract attorneys. Petitioner has "failed to elaborate on how these circumstances" affected his ability to bring his petition earlier. *Johnson v. Jones*, No. 08-6024, 2008 U.S. App. LEXIS 8639, at *5 (10th Cir. April 21, 2008) (order denying certificate of appealability). For one, low intelligence and learning disabilities generally do not toll the limitation period. *See id.* at *5 (citing *United States v. Richardson*, 215 F.3d 1338 (10th Cir. 2000) (unpublished decision table) (stating learning disability does not toll limitations period)). Also, the argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Further, it is well settled that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). Finally, "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting

5

*Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). It follows that Petitioner's contention that the prison contract attorneys' misinformation and lack of help thwarted his habeas filings does not toll the period of limitation. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

Petitioner has not met his burden of showing that—during the running of the federal period of limitation and beyond—he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Petitioner thus has not established this first basis for equitable tolling.

### C. Actual Innocence

Finally, the Court addresses Petitioner's contention that the period of limitation should be tolled because he is actually innocent. "[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial. Such evidence typically consists of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Rose v. Newton-Embry*, No. 05-6245, 2006 U.S. App. LEXIS 22713, at *4-5 (10th Cir. Sept. 5, 2006) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)), *cert. denied*, 127 S. Ct. 2039 (2007). Further, this evidence must "affirmatively demonstrate [the petitioner's] innocence," not just "undermine the finding of guilt against him." *Green v. Kansas*, No. 06-3118, 2006 U.S. App. LEXIS 20046, at *8 (10th Cir. Aug. 3, 2006) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (internal citations & quotations omitted)). After presenting such evidence, a petitioner must then "show that in light of the new evidence, 'no reasonable juror would have

found the defendant guilty.'" *See Rose*, 2006 U.S. App. LEXIS 22713, at *5 (quoting *Schlup*, 513 U.S. at 329). Such evidence is so very rare, though, that "'in virtually every case, the allegation of actual innocence has been summarily rejected.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

Petitioner's mere rehashing of the evidence and alleged violations of his civil rights do not convince this Court that the exception applies. Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner believes there were errors—or whether there were indeed errors—in the state proceedings but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

## ORDER

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 39) is GRANTED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 18th day of September, 2017.

BY THE COURT:

_____
JUDGE JILL N. PARRISH
United States District Court